B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT Southern District of Florida | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): Campbell, Patsy Lou | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): Gillen, Patsy L.; Hayes, Patsy L. | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 0386 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 2224 S.W. 19th Lane/P. O. Box 624 Okeechobee, Florida      ZIP CODE 34974 | Street Address of Joint Debtor (No. and Street, City, and State):      ZIP CODE |
| County of Residence or of the Principal Place of Business: Okeechobee County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):      ZIP CODE | Mailing Address of Joint Debtor (if different from street address):      ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):      ZIP CODE | |

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

SEP 14 2010

FILED ___ RECEIVED

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for ☐ Chapter 9         Recognition of a Foreign ☐ Chapter 11        Main Proceeding ☐ Chapter 12    ☐ Chapter 15 Petition for ☐ Chapter 13        Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity** (Check box, if applicable.) ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check one box.) ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house- hold purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached. ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:** ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). **Check if:** ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*). - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **Check all applicable boxes:** ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000- 5,000 | 5,001- 10,000 | 10,001- 25,000 | 25,001- 50,000 | 50,001- 100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (4/10)                                                                                                              Page 2

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Campbell, Patsy Lou |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐    Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Campbell, Patsy Lou |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  *Patsey L. Campbell*
   Signature of Debtor

X  _____
   Signature of Joint Debtor
   863-824-0424
   Telephone Number (if not represented by attorney)

   Date  9-13-2010

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X  _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

**Signature of Attorney***

X  _____
   Signature of Attorney for Debtor(s)

   _____
   Printed Name of Attorney for Debtor(s)

   _____
   Firm Name

   _____
   Address

   _____
   Telephone Number

   _____
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

   _____
   Printed Name and title, if any, of Bankruptcy Petition Preparer

   _____
   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

   _____
   Address

X  _____

   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re **Patsy L. Campbell**                              Case No._____
        Debtor                                                                (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                         Page 2

     ❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

     **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

     ❐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

          ❐ **Incapacity.** (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
          ❐ **Disability.** (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
          ❐ **Active military duty in a military combat zone.**

     ❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

     **I certify under penalty of perjury that the information provided above is true and correct.**

          Signature of Debtor: *Patsy L. Campbell*
          Date: 9-13-2010

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Southern District of Florida

In re  Patsy L. Campbell _____ ,          Case No. _____

              Debtor

Chapter  7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 8 | $ 225,000.00 | | |
| B - Personal Property | YES | 3 | $ 1,000.00 | | |
| C - Property Claimed as Exempt | YES | 5 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 43 | | $ 622,084.81 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,142.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 2,054.91 |
| TOTAL | | 68 | $ 226,000.00 | $ 622,084.81 | |

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Southern District of Florida

In re  Patsy L. Campbell                    ,
                    **Debtor**

Case No. _____

Chapter  **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $          0.00 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $      2,142.00 |
| Average Expenses (from Schedule J, Line 18) | $      2,054.91 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $      1,154.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $           0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $        0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $           0.00 |
| 4. Total from Schedule F | | $      622,084.81 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $      622,084.81 |

B6A (Official Form 6A) (12/07)

In re  Patsy L. Campbell _____ ,            Case No. _____

                    **Debtor**                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Lots 104 and 105 of RIVERLAKE ESTATES, according to the plat thereof recorded in Plat Book 3, page 14, public records of Okeechobee, Florida | Conveyance of Title by Warranty Deed from deceased husband as owner/conveyance of title by Warranty Deed from daughter, Deborah K. Pyper/ possession from December, 1980, through present. | | 225,000.00 | 63801.62 |
| | | Total▶ | 225,000.00 | |

(Report also on Summary of Schedules.)

**239** ᴘᴀɢᴇ **1418**

WARRANTY DEED

**This Warranty Deed** Made the 8th day of October A. D. 19 79 by

PAUL V. CAMPBELL

hereinafter called the grantor, to PATSY CAMPBELL

whose postoffice address is 108 N. E. 2nd Street, Okeechobee, Florida 33472
hereinafter called the grantee:

**Witnesseth:** That the grantor, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in Okeechobee County, Florida, viz.

Lots 104 and 105 of RIVER LAKE ESTATES, according to the plat thereof recorded in Plat Book 3, page 14, public records of Okeechobee County, Florida.

SUBJECT to reservations, restrictions and easements of record, if any.

SUBJECT to that certain Mortgage in favor of First Federal Savings and Loan Association of Martin County, filed October 25, 1978 and recorded in O. R. Book 223, page 315, Okeechobee County Records, and SUBJECT to that certain Mortgage in favor of Travis M. Bevis and wife, filed October 25, 1978 and recorded in O. R. Book 223, page 321, Okeechobee County Records, both of which the grantee herein assumes and agrees to pay.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31 19

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence

Paul V. Campbell

STATE OF FLORIDA,
COUNTY OF OKEECHOBEE.

I HEREBY CERTIFY that ...

PAUL V. CAMPBELL

Notary Public

108 N. E. 2nd Street,
Okeechobee, Florida

**239** ᴘᴀɢᴇ **1418**

EXHIBIT _I_

PAGE _1_ OF _5_ PAGE

00-10260-2  05/25/2000 09:48:17am

BOOK 337 PAGE 217

PATSY L. CAMPBELL
2224 SW 19th LANE
OKEECHOBEE, FLORIDA 34974

FILED FOR RECORD
OKEL...           ... FL.

This instrument Prepared by:

243420

92 AUG 28  AM 10: 16

SAME AS ABOVE

CLERK OF CIRCUIT COURT

Property Appraisers Parcel Identification (Folio) Number(s):

Grantor(s) S.S. #(s): ...0295

---

**This Warranty Deed** *Made the* 27th *day of* AUGUST *A.D. 19* 92 *by*
PATSY L. CAMPBELL

*hereinafter called the grantor, to* DEBORAH KAY PYPER

*whose post office address is* 3031 SE 28th STREET
OKEECHOBEE, FLORIDA 34974
*hereinafter called the grantee:*

**Witnesseth:** *That the grantor, for and in consideration of the sum of $* 10.00 *and other
valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises,
releases, conveys and confirms unto the grantee all that certain land situate in* OKEECHOBEE
*County, State of* FLORIDA *, viz:*

LOTS 104 and 105 of RIVER LAKE ESTATES, according to the plat
thereof recorded in PLAT BOOK 3, PAGE 14, PUBLIC RECORDS of
OKEECHOBEE COUNTY, FLORIDA., AND ALL FURNISHINGS THEREIN.
SUBJECT TO: The agreement between the grantor and the grantee that the above-
described property and all furnishings never be sold, to be used to the benefit of
all the natural children and grandchildren of the grantor on a need basis to be de-
termined by the grantee.

**Together,** *with all the tenements, hereditaments and appurtenances thereto belonging or in anywise
appertaining.*

**To Have and to Hold,** *the same in fee simple forever.*

**And** *the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee
simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the
title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land
is free of all encumbrances, except taxes accruing subsequent to December 31, 19* 91.

**In Witness Whereof,** *the said grantor has signed and sealed these presents the day and year first above
written.*

*Signed, sealed and delivered in the presence of:*

*Mark Baldera*

MARK BALDINGER

*Ruby W. Meares*

RUBY W. MEARES

*Tonya Loanes*

TONYA LOANES

STATE OF FLORIDA
COUNTY OF Okeechobee
PATSY L. CAMPBELL

*Patsy L. Campbell*

PATSY L. CAMPBELL

2224 SW 19th LANE
OKEECHOBEE, FLORIDA 34974

I hereby Certify that on this day, before me, an officer duly authorized
to administer oaths and take acknowledgments, personally appeared

known to me to be the person... described in and who executed the foregoing instrument, who acknowledged before me that  she
executed the same, (that I relied upon the following form ... of identification of the above-named person.: PATSY L. CAMPBELL
DRIVERS LICENSE .................................. and that an oath (was)(was not) taken.

Witness my hand and official seal in the County and State last aforesaid this
28th *day of* August *A.D. 19* 92

*Linda M. Ballinger*

LINDA M. BALLINGER

NOTARY PUBLIC STATE OF FLORIDA
Notary Public, State of Florida
My Commission Expires Feb. 21, 1992

STATE OF FLORIDA
DOCUMENTARY STAMP TAX
0 0 . 7 0
DEPT OF REVENUE

2 9 9 9 9 1
OKEECHOBEE
COUNTY

EXHIBIT ___I___

PAGE 2 OF 5 PAGE

Address: 2224 SW 19th Lane
Okeechobee, Florida 34974

This Instrument Prepared by:

Name: Deborah K. Pyper
Address: 2224 SW 19th Lane
Okeechobee, Florida 34974

Property Appraisers Parcel Identification: 1-29-37-35-0010-00000-
Folio Number(s): 1040

Grantee(s) S.S. # (s)

OR BK 00546 PG 1500
SHARON ROBERTSON, CLERK OF CIRCUIT COURT
OKEECHOBEE COUNTY FL
RECORDED 11/19/2004 02:35:00 PM
RECORDING FEES 10.00
DEED DOC 0.70
RECORDED BY N Arnold

---

SPACE ABOVE THIS LINE FOR PROCESSING DATA ——— SPACE ABOVE THIS LINE FOR RECORDING DATA

**ABSOLUTE & PARAMOUNT WARRANTY DEED**                2004

**This Warranty Deed**, Made the __19th__ day of __November__ , 19XXXX , by

__Deborah K. Pyper a divorced woman__

hereinafter called the Grantor, to __Patsy Hayes Campbell Gillen a divorced woman__ ,
whose post office address is P.O. P 624, Okeechobee, Florida 34973

hereinafter called the Grantee.

**Witnesseth**, That the Grantor, for and in consideration of the sum of $ __10.00__ and other
valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises,
releases, conveys and confirms unto the Grantee all that certain land, situate in __Okeechobee__
County, State of __Florida__ , viz:

LOTS 104 and 105 OF RIVER LAKE ESTATES, ACCORDING TO THE PLAT THEREOF
IN PLAT BOOK 3, PAGE 14, PUBLIC RECORDS OF OKEECHOBEE COUNTY, FLORIDA.

**Together**, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise
appertaining. **To Have and to Hold**, the same in fee simple forever.

**And** the Grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee
simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants
the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said
land is free of all encumbrances, except taxes accruing subsequent to December 31, 19 2001.

**In Witness Whereof**, the said Grantor has signed and sealed these presents the day and year first above
written.

Signed, sealed and delivered in the presence of:

Witness Signature (as to first Grantor)
Printed Name   CLIF BETTS JR

Witness Signature (as to first Grantor)   Tony Melear
Printed Name   TONY MELEAR

Witness Signature (as to Co-Grantor, if any)

Printed Name

Witness Signature (as to Co-Grantor, if any)

Printed Name

Grantor Signature   Deborah K. Pyper
Printed Name   Deborah K. Pyper
3031 S.E. 28th Street
Okeechobee, Florida 34974-6672

Co-Owner Signature, (if any)

Printed Name

Post Office Address

**STATE OF** __FLORIDA__         )
**COUNTY OF** __OKEECHOBEE__         )

__DEBORAH K. PYPER__

I hereby Certify that on this day, before me, an officer duly authorized
to administer oaths and take acknowledgments, personally appeared

known to me to be the person THAT described in and who executed the foregoing instrument, who acknowledged before me that __SHE__
executed the same, and an oath was NOT taken. (Check one:) ☒ Said person(s) are personally known to me. ☐ Said person(s) provided the
following type of identification: __DRIVERS License__

Witness my hand and official seal in the County and State last aforesaid,
this __19__ day of __Nov__ , A.D. 20 __04__

Notary Signature
Printed Name   CLIFFORD C BETTS Jr

CLIFFORD C. BETTS, JR.
COMMISSION # DD017965
EXPIRES APR 17 2005
BONDED THROUGH
RLI INSURANCE COMPANY

Okeechobee County Taxing Authority

307 North West 5th Avenue, Suite A

Okeechobee, FL  34972

REAL ESTATE PROPERTY
1-29-37-35-0010-00000-1040

13  C  9367                    20**AUTO**5-DIGIT 34974

GILLEN PATSY HAYES CAMPBELL
2224 SW 19TH LN
OKEECHOBEE FL  34974-5620

---

Notice of Proposed Property Taxes and Proposed
or Adopted Non-Ad Valorem Assessments
**DO NOT PAY**
THIS IS NOT A BILL

The **taxing authorities which levy property taxes** against your property will soon hold PUBLIC HEARINGS to adopt budgets and tax rates for the next year.

The purpose of these public hearings is to receive opinions from the general public and to answer questions on the proposed tax change and budget PRIOR TO TAKING FINAL ACTION. Each taxing authority may AMEND OR ALTER its proposals at the hearing.

**RIVER LAKE ESTATES**
**LOTS 104 & 105**

---

## SUMMARY OF YOUR PROPERTY VALUATION

If you feel that the market value of your property is inaccurate or does not reflect fair market value, or if you are entitled to an exemption or classification that is not reflected below, contact your county property appraiser at:
**307 N.W. 5TH AVE SUITE A    OKEECHOBEE, FL  34972    (863) 763 4422**
If the Property Appraiser's Office is unable to resolve the matter as to the market value, classification, or an exemption, you may file a petition for adjustment with the Value Adjustment Board. Petition forms are available from the County Property Appraiser and must be filed on or before September 14, 2010.

| Market Value | 2009 | 2010 |
|---|---|---|
| Taxing District: 030 | 533,104 | 224,362 |

| Taxing Authorities | Assessed Value | | Exemptions | | Taxable Value | |
|---|---|---|---|---|---|---|
| | Last Year | This Year | Last Year | This Year | Last Year | This Year |
| County | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |
| Public Schools | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |
| City | | | | | | |
| Independent Special District | | | | | | |
| County Bond | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |
| Other Independent Districts | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |

| Assessment Reductions | Applies To | Amount |
|---|---|---|
| Save Our Homes Benefit | All Taxes | 0 |
| 10% Non-Homestead Cap Benefit | Non-School Taxes | 0 |
| Agricultural Classification | All Taxes | 0 |
| Other | All Taxes | 0 |

| Exemptions | Applies to | Amount |
|---|---|---|
| First Homestead | All Taxes | 0 |
| Additional Homestead | Non-School Taxes | 0 |
| Limited Income Senior | County Taxes | 0 |
| Limited Income Senior | City Taxes | 0 |
| Blind, Widow, Disabled, Other | All Taxes | 224,362 |

## NOTICE OF PROPOSED AD VALOREM ASSESSMENTS

| REAL ESTATE | Column 1 | | Column 2 | | Column 3 | | Public Hearing Information |
|---|---|---|---|---|---|---|---|
| Taxing District: TAXING AUTHORITY | Last Year's Actual Tax Rate | Your Property Taxes Last Year | Your Tax Rate This Year IF NO Budget Change is Adopted | Your Taxes This Year IF NO Budget Change is Adopted | This Year's Proposed Tax Rate | Your Taxes This Year if PROPOSED Budget is Adopted | A public hearing on the proposed taxes and budget will be held on: |
| COUNTY | 7.50300 | 0.00 | 9.12160 | 0.00 | 9.12160 | 0.00 | 9/13/10 6:00PM 304 NW 2ND ST OKEECHOBEE FLA |
| SCHOOL | 5.57100 | 0.00 | 6.74490 | 0.00 | 5.62300 | 0.00 | 9/9/10 6:00PM 700 SW 2ND AVE OKEECHOBEE FLA |
| SCHOOL | 2.49800 | 0.00 | 3.02440 | 0.00 | 2.49800 | 0.00 | 9/9/10 6:00PM 700 SW 2ND AVE OKEECHOBEE FLA |
| SO FLORIDA WATER | 0.53460 | 0.00 | 0.60620 | 0.00 | 0.53460 | 0.00 | 9/08/10 5:15PM 3301 GUNCLUB RD W PALM BCH FL |
| EVERGLADES | 0.08940 | 0.00 | 0.10130 | 0.00 | 0.08940 | 0.00 | 9/08/10 5:15PM 3301 GUNCLUB RD W PALM BCH FL |
| CO BOND | 0.26000 | 0.00 | 0.30530 | 0.00 | 0.30530 | 0.00 | 9/13/10 6:00PM 304 NW 2ND ST OKEECHOBEE FLA |
| CHILDRENS COUNCIL | 0.31190 | 0.00 | 0.38150 | 0.00 | 0.31190 | 0.00 | 9/8/10 5:01PM 700 SW 2ND AVE OKEECHOBEE FLA |
| Total PROPERTY Taxes *see reverse side for explanation | 16.76790 | 0.00 | 20.28520 | 0.00 | 18.48380 | 0.00 | |

## NOTICE OF PROPOSED OR ADOPTED NON-AD VALOREM ASSESSMENTS

| Levying Authority | Purpose of Assessment | Units | Rate | Assessment |
|---|---|---|---|---|
| EMS | RESIDENTIAL | 1.00 | 74.00000 | 74.00 |
| FIRE | RESIDENTIAL | 1.00 | 100.00000 | 100.00 |
| GARBAGE | RESIDENTIAL | 1.00 | 187.40000 | 187.40 |
| Total Non-Ad Valorem Assessment | . | | | 361.40 |

### 2010 PROPOSED TAX RE-CAP

| | Column 1 | Column 2 | Column 3 | |
|---|---|---|---|---|
| Ad Valorem Tax | 0.00 | 0.00 | 0.00 | *Please Note* |
| Non-Ad Valorem Tax | | 361.40 | 361.40 | |
| Total Tax | | 361.40 | 361.40 | |

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR OKEECHOBEE COUNTY, FLORIDA

COMMERCIAL SERVICE OF PERRY,  
INC., An Iowa Corporation,

CASE NO. 2000-CA-207  
JUDGE: MCMANUS

    Plaintiff,

-vs-

DEBORAH K. CPYPER, ET AL.,

    Defendants.

FILE NUM 20090010067  
OR BK 00675 PG 1386  
SHARON ROBERTSON, CLERK OF CIRCUIT COURT  
OKEECHOBEE COUNTY, FL  
RECORDED 09/11/2009 11:06:28 AM  
RECORDING FEES 18.50  
RECORDED BY G Newbourn  
Pgs 1386 - 1387; (2pgs)

## NOTICE OF FILING

COMES NOW, Pro Se Defendant Patsy L. Campbell and hereby files her Affidavit of

Declaration for homestead exemption on the real property described and identified below, and

makes her claim as surviving spouse of Paul V. Campbell to protected homestead property

exemption rights which inured to her after his death on December 18, 1980 pursuant to Article X,

Section 4(a) (b) of the Florida Constitution.

## AFFIDAVIT

STATE OF FLORIDA  
COUNTY OF OKEECHOBEE

BEFORE ME, a Notary Public of the State of Florida at Large personally appeared Patsy L. Campbell, a person well known to me, being sworn and evidenced by her signature below, deposes and states that to the best of her personal knowledge, information and belief, the following statements are true and correct.

1. This is a declaration that Patsy Hayes Campbell Gillen has had continuous possession and have continuously lived at the residence of address: 2224 S.W. 19th Lane, Okeechobee, Florida 34974, and Legal Description of: LOTS 104 AND 105 OF RIVER LAKES ESTATES, ACCORDING TO THE PLAT THEREOF IN PLAT BOOK 3, PAGE 14, PUBLIC RECORDS OF OKEECHOBEE COUNTY, FLORIDA, from October 1978 until the present date of the filing of this Affidavit September 10, 2009, and intends to continue living there until her death;

2. Paul V. Campbell, now deceased December 18, 1980, purchased, homesteaded and paid the property taxes on the real property until his death;

3. Paul V. Campbell and Patsy L. Campbell were married according to the laws of Florida on January 16, 1980;

4. Patsy L. Campbell declares the real property of the above given address qualifies as protected homestead property and that she has qualified interest for homestead exemption and protection rights under Article X, Section 4 (a)(b) of the Florida Constitution as the surviving spouse of Paul V. Campbell which exemption and protection of the homestead property passed to her automatically at the moment of his death so that she may live beyond the reach of financial misfortune and the demands of creditors and any forced sale of the homestead property;

5. That Paul V. Campbell, before his death, nor Patsy L. Campbell have ever knowingly, willingly, intelligently and voluntarily waived or alienated their protected homestead property exemption rights according to the laws of Florida, and that no signed form exists made by either of them which informed them of the constitutional right and the possible consequences of waiving such a right notwithstanding the authority of (Coastal Caisson Drill Co. v. Am. Cas. Co. of Reading, Pa., 523 So.2d 791, 793 (Fla. 2d DCA 1988, approved 542 So.2d 957 (Fla. 1989)).

Patsy L. Campbell Affiant


FURTHER THE AFFIANT PATSY L. CAMPBELL SAYETH NAUGHT.

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public of the State of Florida at Large on this the ___10___ day of September, 2009.

(SEAL)

My Commission Expires:
June 13 2013

Notary Public State of Florida
Mary K Schoonmaker
My Commission DD877394
Expires 06/13/2013

Mary K Schoonmaker
Notary Public State of Florida At Large

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Robert P. Summers, Counsel for Plaintiff, 2400 S.E. Federal Highway, Fourth Floor, Stuart, Florida 34994, on this the 10th day of September, 2009.

Patsy L. Campbell Pro Se Defendant
2224 S.W. 19th Lane
Okeechobee, Florida 34974
(863)824-0424

CC: Judge McManus

STATE OF FLORIDA
OKEECHOBEE COUNTY
THIS IS TO CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF THE RECORDS
ON FILE IN THIS OFFICE
SHARON ROBERTSON, CLERK
BY _____ D.C.
DATE 09/11/2009

2

B 6B (Official Form 6B) (12/07)

In re  Patsy L. Campbell                              ,          Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | 100.00 - 2224 S.W. 19th Lane, Okeechobee, FL | | 100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | 100.00<br>PNC Bank<br>2801 Hwy 441 S<br>Okeechobee, FL 34974 | | 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | x | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | 1 couch, 2 recliner chairs, 1 dining table & chairs, 1 32" TV, 1 DVD player, 4 lamps, 1 bed, | | 150.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | x | | | |
| 6. Wearing apparel. | | 5 pants, 5 shirts, 3 skirts, 2 jackets, 3 shoes | | 50.00 |
| 7. Furs and jewelry. | x | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | x | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10. Annuities. Itemize and name each issuer. | x | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | x | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  Patsy L. Campbell_____ ,          Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | x | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | x | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | x | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16. Accounts receivable. | x | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | x | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | x | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | x | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | x | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | x | | | |

.

B 6B (Official Form 6B) (12/07) -- Cont.

In re  Patsy L. Campbell                                    ,          Case No. _____
                    **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | x | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | x | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | x | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1996 Lincoln Town Car VIN-1LNLM82WXTY607848 | x | 600.00 |
| 26. Boats, motors, and accessories. | x | | | |
| 27. Aircraft and accessories. | x | | | |
| 28. Office equipment, furnishings, and supplies. | x | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 30. Inventory. | x | | | |
| 31. Animals. | x | | | |
| 32. Crops - growing or harvested. Give particulars. | x | | | |
| 33. Farming equipment and implements. | x | | | |
| 34. Farm supplies, chemicals, and feed. | x | | | |
| 35. Other personal property of any kind not already listed. Itemize. | x | | | |

_____ continuation sheets attached     Total ▶     | $     1,000.00 |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

In re  Patsy L. Campbell _____ ,            Case No. _____
              Debtor                                                          (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☑ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                          $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Lots 104 and 105 of RIVERLAKE ESTATES, according to the plat thereof recorded in Plat Book 3, page 14, public records of Okeechobee County, Florida | Fla. Stat. 222 Fla. Const., Art. 10, S. 4(a)(2)(b). In re Kent, 411 B.R. 743 (Fla. M.D. 2009) and all cases cited therin. | 224,362.00 | 224,362.00 |
| 1996 Lincoln Town Car 1LNLM82WXTY607848 | Fla. Stat. 222. Fla. Const., Art. 10, S. 4 | 1,000.00 | 1,000.00 |

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Okeechobee County Taxing Authority
307 North West 5th Avenue, Suite A
Okeechobee, FL 34972

**Notice of Proposed Property Taxes and Proposed
or Adopted Non-Ad Valorem Assessments**

## DO NOT PAY
### THIS IS NOT A BILL

The **taxing authorities which levy property taxes** against your property would hold PUBLIC HEARINGS to adopt budgets and tax rates for the next year.

The purpose of these public hearings is to receive opinions from the general public and to answer questions on the proposed tax change and budget PRIOR TO TAKING FINAL ACTION. Each taxing authority may AMEND or ALTER its proposals at the hearing.

### REAL ESTATE PROPERTY
1-29-37-35-0010-00000-1040

13  C  9367                    20**AUTO**5-DIGIT 34974

GILLEN PATSY HAYES CAMPBELL
2224 SW 19TH LN
OKEECHOBEE FL 34974-5620

RIVER LAKE ESTATES
LOTS 104 & 105

---

## SUMMARY OF YOUR PROPERTY VALUATION

If you feel that the market value of your property is inaccurate or does not reflect fair market value, or if you are entitled to an exemption or classification that is not reflected below, contact your county property appraiser at:
**307 N.W. 5TH AVE SUITE A      OKEECHOBEE, FL  34972      (863) 763 4422**
If the Property Appraiser's Office is unable to resolve the matter as to the market value, classification, or an exemption, you may file a petition for adjustment with the Value Adjustment Board. Petition forms are available from the County Property Appraiser and must be filed on or before September 14, 2010.

| Market Value | 2009 | 2010 |
|---|---|---|
| Taxing District: 030 | 533,104 | 224,362 |

| Taxing Authorities | Assessed Value | | Exemptions | | Taxable Value | |
|---|---|---|---|---|---|---|
| | Last Year | This Year | Last Year | This Year | Last Year | This Year |
| County | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |
| Public Schools | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |
| City | | | | | | |
| Independent Special District | | | | | | |
| County Bond | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |
| Other Independent Districts | 533,104 | 224,362 | 533,104 | 224,362 | 0 | 0 |

| Assessment Reductions | Applies To | Amount |
|---|---|---|
| Save Our Homes Benefit | All Taxes | 0 |
| 10% Non-Homestead Cap Benefit | Non-School Taxes | 0 |
| Agricultural Classification | All Taxes | 0 |
| Other | All Taxes | 0 |

| Exemptions | Applies to | Amount |
|---|---|---|
| First Homestead | All Taxes | 0 |
| Additional Homestead | Non-School Taxes | 0 |
| Limited Income Senior | County Taxes | 0 |
| Limited Income Senior | City Taxes | 0 |
| Blind, Widow, Disabled, Other | All Taxes | 224,362 |

schedule C - Patsy L. Campbell
Page 1 of 4

# NOTICE OF PROPOSED AD VALOREM ASSESSMENTS

| REAL ESTATE Taxing District: TAXING AUTHORITY | Column 1 | | Column 2 | | Column 3 | | Public Hearing Information |
|---|---|---|---|---|---|---|---|
| | Last Year's Actual Tax Rate | Your Property Taxes Last Year | Your Tax Rate This Year IF NO Budget Change is Adopted | Your Taxes This Year IF NO Budget Change is Adopted | This Year's Proposed Tax Rate | Your Taxes This Year if PROPOSED Budget is Adopted | A public hearing on the proposed taxes and budget will be held on: |
| COUNTY | 7.50300 | 0.00 | 9.12160 | 0.00 | 9.12160 | 0.00 | 9/13/10 6:00PM 304 NW 2ND ST OKEECHOBEE FLA |
| SCHOOL | 5.57100 | 0.00 | 6.74490 | 0.00 | 5.62300 | 0.00 | 9/9/10 6:00PM 700 SW 2ND AVE OKEECHOBEE FLA |
| SCHOOL | 2.49800 | 0.00 | 3.02440 | 0.00 | 2.49800 | 0.00 | 9/9/10 6:00PM 700 SW 2ND AVE OKEECHOBEE FLA |
| SO FLORIDA WATER | 0.53460 | 0.00 | 0.60620 | 0.00 | 0.53460 | 0.00 | 9/08/10 5:15PM 3301 GUNCLUB RD W PALM BCH FL |
| EVERGLADES | 0.08940 | 0.00 | 0.10130 | 0.00 | 0.08940 | 0.00 | 9/08/10 5:15PM 3301 GUNCLUB RD W PALM BCH FL |
| CO BOND | 0.26000 | 0.00 | 0.30530 | 0.00 | 0.30530 | 0.00 | 9/13/10 6:00PM 304 NW 2ND ST OKEECHOBEE FLA |
| CHILDRENS COUNCIL | 0.31190 | 0.00 | 0.38150 | 0.00 | 0.31190 | 0.00 | 9/8/10 5:01PM 700 SW 2ND AVE OKEECHOBEE FLA |
| Total PROPERTY Taxes *see reverse side for explanation | 16.76790 | 0.00 | 20.28520 | 0.00 | 18.48380 | 0.00 | |

## NOTICE OF PROPOSED OR ADOPTED NON-AD VALOREM ASSESSMENTS

| Levying Authority | Purpose of Assessment | Units | Rate | Assessment |
|---|---|---|---|---|
| EMS | RESIDENTIAL | 1.00 | 74.00000 | 74.00 |
| FIRE | RESIDENTIAL | 1.00 | 100.00000 | 100.00 |
| GARBAGE | RESIDENTIAL | 1.00 | 187.40000 | 187.40 |
| Total Non-Ad Valorem Assessment | | | | 361.40 |

## 2010 PROPOSED TAX RE-CAP

| | Column 1 | Column 2 | Column 3 |
|---|---|---|---|
| Ad Valorem Tax | 0.00 | 0.00 | 0.00 |
| Non-Ad Valorem Tax | | 361.40 | 361.40 |
| Total Tax | | 361.40 | 361.40 |

Page 2 of 4

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR OKEECHOBEE COUNTY, FLORIDA

COMMERCIAL SERVICE OF PERRY,
INC., An Iowa Corporation,

        Plaintiff,

-vs-

DEBORAH K. CPYPER, ET AL.,

        Defendants.

CASE NO. 2000-CA-207
JUDGE: MCMANUS

```
FILE NUM 2009010067
OR BK 00675 PG 1386
SHARON ROBERTSON, CLERK OF CIRCUIT COURT
OKEECHOBEE COUNTY, FL
RECORDED 09/11/2009 11:06:28 AM
RECORDING FEES 18.50
RECORDED BY G Newbourn
Pgs 1386 - 1387; (2pgs)
```

### NOTICE OF FILING

        COMES NOW, Pro Se Defendant Patsy L. Campbell and hereby files her Affidavit of Declaration for homestead exemption on the real property described and identified below, and makes her claim as surviving spouse of Paul V. Campbell to protected homestead property exemption rights which inured to her after his death on December 18, 1980 pursuant to Article X, Section 4(a) (b) of the Florida Constitution.

### AFFIDAVIT

STATE OF FLORIDA
COUNTY OF OKEECHOBEE

        BEFORE ME, a Notary Public of the State of Florida at Large personally appeared Patsy L. Campbell, a person well known to me, being sworn and evidenced by her signature below, deposes and states that to the best of her personal knowledge, information and belief, the following statements are true and correct.

        1. This is a declaration that Patsy Hayes Campbell Gillen has had continuous possession and have continuously lived at the residence of address: 2224 S.W. 19th Lane, Okeechobee, Florida 34974, and Legal Description of: LOTS 104 AND 105 OF RIVER LAKES ESTATES, ACCORDING TO THE PLAT THEREOF IN PLAT BOOK 3, PAGE 14, PUBLIC RECORDS OF OKEECHOBEE COUNTY, FLORIDA, from October 1978 until the present date of the filing of this Affidavit September 10, 2009, and intends to continue living there until her death;

        2. Paul V. Campbell, now deceased December 18, 1980, purchased, homesteaded and paid the property taxes on the real property until his death;

Page 3 of 4

3. Paul V. Campbell and Patsy L. Campbell were married according to the laws of Florida on January 16, 1980;

4. Patsy L. Campbell declares the real property of the above given address qualifies as protected homestead property and that she has qualified interest for homestead exemption and protection rights under Article X, Section 4 (a)(b) of the Florida Constitution as the surviving spouse of Paul V. Campbell which exemption and protection of the homestead property passed to her automatically at the moment of his death so that she may live beyond the reach of financial misfortune and the demands of creditors and any forced sale of the homestead property;

5. That Paul V. Campbell, before his death, nor Patsy L. Campbell have ever knowingly, willingly, intelligently or voluntarily waived or alienated their protected homestead property exemption rights according to the laws of Florida, and that no signed form was made by either of them which informed them of the constitutional right and the possible consequences of waiving such a right notwithstanding the authority of (Coastal Caisson Drill Co. v. Am. Cas. Co. of Reading, Pa., 523 So.2d 791, 793 (Fla. 2d DCA 1988, approved 542 So.2d 957 (Fla. 1989)).

Patsy L. Campbell Affiant

FURTHER THE AFFIANT PATSY L. CAMPBELL SAYETH NAUGHT.

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public of the State of Florida at Large on this the __10__ day of September, 2009.

(SEAL)

My Commission Expires:
June 13, 2013

Notary Public State of Florida
Mary K Schoonmaker
My Commission DD877300
Expires 06/13/2013

Mary K Schoonmaker
Notary Public State of Florida At Large

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Robert P. Summers, Counsel for Plaintiff, 2400 S.E. Federal Highway, Fourth Floor, Stuart, Florida 34994, on this the 10th day of September, 2009.

Patsy L. Campbell Pro Se Defendant
2224 S.W. 19th Lane
Okeechobee, Florida 34974
(863)824-0424

CC: Judge McManus

STATE OF FLORIDA
OKEECHOBEE COUNTY
THIS IS TO CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF THE RECORDS
ON FILE IN THIS OFFICE
SHARON ROBERTSON, CLERK
BY _____ D.C.
DATE 09/11/2009

2

Page 4 of 4

B 6D (Official Form 6D) (12/07)

In re _Patsy L. Campbell_____,    Case No. _____
                 **Debtor**                                                      **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

       State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

       List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

       If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

       If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

       Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

    ☑    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| _____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.                                                                      2

In re  Patsy L. Campbell_____,        Case No. _____
                    **Debtor**                                              **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no._____of_____continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)                                    $                        $

Total(s) ▶
(Use only on last page)                                    $        0.00           $        0.00

(Report also on Summary of Schedules.)        (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/10)

In re  Patsy L. Campbell                          ,          Case No._____
                    Debtor                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).
☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/10) – Cont.

In re ___Patsy L. Campbell_____ ,     Case No._____
                    Debtor                                                                    *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____ continuation sheets attached

B 6E (Official Form 6E) (04/10) – Cont.

In re  Patsy L. Campbell _____ ,    Case No. _____
          **Debtor**                                                 **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Sheet no. ___ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims | | | Subtotals➤ (Totals of this page) | | | | $ | $ | |
| | | | Total➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | | | | $ | | |
| | | | Totals➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | $ | $ |

B 6F (Official Form 6F) (12/07)

In re  Patsy L. Campbell                                          ,          Case No. _____
                          **Debtor**                                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  American Pioneer Savings Bank (Failed Institution as of May 25, 1990) | X | | May 8, 1986 Summary Final Judgment (See Attached) 𝜈ₒ ، ١ | | X | | 62,187.82 |
| ACCOUNT NO.  Commercial Service of Perry, an Iowa Corp./McCarthy, Summers, Bobko, ETC., P.A. | X | | November 1, 1985 3rd Party Purchaser/Creditor (See Attached) 𝜈ₒ ، ٢ | X | X | X | 232,561.46 |
| ACCOUNT NO.  Conely & Conley, P.A. 401 N.W. 6th Street Okeechobee, FL 34974 | | | July 8, 1994 Final Judgment (See Attached) 𝜈ₒ ، ٣ | | X | | 26,522.97 |
| ACCOUNT NO.  Excalibur I, LLC P.O. Box 47718 Jacksonville, FL 32247 | | | April 20, 2005 Final Judgment Against (See Attached) 𝜈ₒ ، ٤ | | X | | 2,312.81 |

Subtotal► $ 323,585.06

_2_ continuation sheets attached

Total► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Patsy L. Campbell                        ,            Case No. _____
                **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>First Savings & Loan Assoc. (Failed Institution) | X | | November 23, 1981<br>Summary Final Judgment<br>(See Attached) No. 5 | | X | | 46,807.98 |
| ACCOUNT NO.<br><br>First Savings & Loan Assoc. (Failed Institution) | | | July 23, 1985<br>Final Judgment<br>(See Attached) No. 6 | | X | | 43,621.34 |
| ACCOUNT NO.<br><br>First Federated Savings & Loan Assoc. (Failed Institution) | | | July 23, 1985<br>Final Judgment<br>(See Attached) No. 7 | | X | | 34,938.84 |
| ACCOUNT NO.<br><br>First Federated Savings & Loan Assoc. (Failed Institution) | | | June 12, 1985<br>Amended Summary Final Judgment<br>(See Attached) No. 8 | | X | | 71,625.89 |
| ACCOUNT NO.<br><br>First Federated Savings & Loan Assoc. (Failed Institution) | | | September 16, 1985<br>Final Judgmnet<br>(See Attached) No. 9 | | X | | 17,256.65 |

Sheet no. __1__ of __2__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 214,250.70 |

Total▶ | $ |
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Patsy L. Campbell**,        Case No. _____
      **Debtor**                                         **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> First Fidelity Savings & Loan Assoc. (Failed Institution) | X | | June 24, 1985 <br> Final Judgmnet of Foreclosure <br> (See Attached) 𝓎𝓁𝓸,𝓁𝓸 | | X | | 84,249.05 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                 Subtotal▶    $ 84,249.05

Total▶    $ 622,084.81
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

OR 277 PAGE 1674

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT IN
AND FOR OKEECHOBEE COUNTY,
FLORIDA

CASE NO. 85-426-CA

AMERICAN PIONEER SAVINGS BANK,
a corporation under the laws
of the State of Florida,
successor by name change with
FIRST FIDELITY SAVINGS AND
LOAN ASSOCIATION,

       Plaintiff,

vs.

RAYMOND M. EZELL and PATSY L.
CAMPBELL,

       Defendants

_____/

## SUMMARY FINAL JUDGMENT

    The Plaintiff's Motion for a Summary Final Judgment having

been granted, and the Court being sufficiently advised in the premises,

it is therefore

    ORDERED and ADJUDGED by the Court as follows:

    1.  That the Court has jurisdiction of the subject matter of

this cause and of the parties hereto.

    2.  That the Court finds and adjudges that the amount of

$ 2,500 °° is a reasonable attorney's fee to be allowed for the

services of Plaintiff's attorney, which sum is also due and owing.

    3.  There is due to the Plaintiff upon the Mortgage note and

Mortgage suit, the following sums:

| | |
|---|---|
| Principal due on Mortgage Note and Mortgage | $ 49,954.15 |
| Accrued Interest on said balance up to May 8, 1986 with a per diem of 16.09 | 8,720.78 |
| Late charges | 388.69 |
| Advances | 435.86 |
| Property Inspections | 71.00 |
| Cost of Suit | 117.34 |
| Attorney's Fee | 2500.00 |
| TOTAL DUE | $62,187.82 |

CIRCUIT COURT MINUTE

BOOK '60 PAGE 232

WILLIAM D. ANDERSON, JR. P.A.    ATTORNEY AT LAW    525 CAMDEN AVE.    STUART, FLORIDA 33494    (305) 283-2411

Schedule F - Patsy L. Campbell
No. 1

ᴮᴸᴷ 277 ᴘᴬᴳᴱ 1675

The above itemized sums are now due and owing to the Plaintiff and, in addition, such further sums as may be paid by the Plaintiff for Court costs, plus interest at the rate of twelve (12%) percent from the date of this Decree until paid and any further sums in connection with this suit.

4. That the Plaintiff has a lien to secure the payment of the above itemized sums against the following described property, situate in Okeechobee County, Florida, to-wit:

> Lots 13, 14 and 15, Block 10, SOUTHWEST ADDITION
> TO OKEECHOBEE, according to the plat thereof
> recorded in Plat Book 2, Page 7, Public Records
> of Okeechobee County, Florida.

The lien of Plaintiff is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equity of the Defendants, RAYMOND M. EZELL and PATSY L. CAMPBELL, and all persons, firms or corporations claiming by, through or under the Defendants or any of them, and the property will be sold free and clear of any claims of the Defendants.

5. That the Defendants, RAYMOND M. EZELL and PATSY L. CAMPBELL, are hereby directed to pay the above itemized sums to the Plaintiff and, in addition, such further sums as may be paid by the Plaintiff for Court costs, plus interest at twelve (12%) percent from the date of this Decree until paid, and any further sums in connection with this suit, within one (1) day upon the entry of this Decree.

6. That upon default in payment of said amount to the Plaintiff within the time specified, the property described in Paragraph 4 above shall be sold by the Honorable GLORIA J. FORD, Clerk of the Circuit Court, at public outcry to the highest and best bidder for cash at the front door of the Okeechobee County Courthouse in the City of Okeechobee, Florida, during the legal hours of sale at 11:30 A. M., on the 30th day of May, 1986, in order to satisfy the said amounts decreed to be due the Plaintiff.

That the said Clerk shall give notice of said sale in accordance with Section 45.031, Florida Statutes; that the Plaintiff may become the purchaser at said sale and, in that event, the said amounts decreed to be due the Plaintiff shall be credited on its bid, and it

CIRCUIT COURT MINUTE

ᴮᴸᴷ  69 ᴘᴬᴳᴱ 233

WILLIAM D. ANDERSON, JR., P.A.    ATTORNEY AT LAW    525 CAMDEN AVE    STUART, FLORIDA 33494    (305) 283-2411

No. 1

BOOK 277 PAGE 1676

shall be required to pay to the Clerk, in cash only, the cost of any sale in any amount bid in excess of said amount decreed to be due the Plaintiff; that out of the proceeds of the sale, the Clerk shall retain the cost of the sale, shall pay to Plaintiff the said amounts decreed to be due it, and if the Plaintiff is the purchaser, shall credit said amounts on its bid, and shall retain any balance remaining of said proceeds in the Registry of this Court to abide by the further Order of this Court.

7.  That in the event the amounts realized at the aforesaid sale shall be insufficient to pay the total of the several amounts herein ordered to be paid, this Honorable Court shall retain jurisdiction for the purpose of entering such other and further Orders as this Court shall deem proper with respect to said deficiency.

8.  That upon said sale being made and Certificate of Sale and Certificate of Title provided by law being duly executed and filed by the Clerk, the Defendants and all persons claiming by, through or under them since the commencement of this suit, RAYMOND M. EZELL and PATSY L. CAMPBELL, shall be forever barred and foreclosed of all their right, title, equity and interest in and to said property or any part thereof and, shall, upon exhibition of a certified copy of Certificate of Title, let the purchaser named therein or its successors in interest into possession thereof.

DONE and ORDERED in Chambers at Okeechobee, Okeechobee County, Florida, this _8th_ day of May, 1986.

_William P. Hendry_
CIRCUIT JUDGE

CLERK OF CIRCUIT COURT
GLORIA J. FORD

1986 MAY -8  PM 3:39

OKEECHOBEE COUNTY, FL.
FILED FOR RECORD

17 8 6 9 1

CIRCUIT COURT MINUTE
BOOK   69   PAGE 234

WILLIAM D. ANDERSON, JR., P.A.   ATTORNEY AT LAW   625 CAMDEN AVE.   STUART, FLORIDA 33494   (305) 283-2411

No. 1

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR OKEECHOBEE COUNTY,
FLORIDA

CASE NO.: 2000-CA-207
JUDGE: LARRY SCHACK

COMMERCIAL SERVICE OF PERRY,
INC., an Iowa Corporation,

     Plaintiff,

vs.

DEBORAH K. PYPER, UNKNOWN
SPOUSE OF DEFENDANT, JOHN
DOE and/or JANE DOE and/or
any other persons, known or
unknown, as tenants in possession,

     Defendants.

_____/

### AFFIDAVIT OF PROOF

STATE OF IOWA
COUNTY OF DALLAS

    BEFORE ME, the undersigned authority, personally appeared CARL STUKENHOLTZ,

who upon being by me duly sworn, deposes and says:

    1.    I am the President of the Plaintiff in the above-styled cause, said action being

for foreclosure, and I have personal knowledge of the facts contained in this affidavit and

as such, can testify completely as to these facts.

    2.    Plaintiff owns and holds the Note and Mortgage described in the Complaint

and all indebtedness evidenced and secured thereby.

    3.    I have actual knowledge of the state of account with regard to the Note and

Mortgage herein-above referred, and the covenants in said Note and Mortgage have been

breached in that Paul V. Campbell, or those claiming through him or having any interest in

*Schedule F - Potsy L. Campbell*
*No. 20*[1]

the Property, failed to make the payment due on the subject Note and Mortgage due

November 1, 1985, and all subsequent payments, and by failure to pay at maturity.

There is due and owing to the plaintiff the following:

| | | |
|---|---|---|
| Principal due on the note secured by the mortgage foreclosed: | | $63,801.62 |
| Interest at 9.50% on the note and mortgage from October 1, 1985 to May 13, 2010 (Per diem $16.6060) | | $148,805.47 |
| Per diem interest at 9.50% ($16.6060) from May 13, 2010 to July 8, 2010 | | $929.94 |
| Title search expenses: | | $260.00 |
| Late Charges | | $8,458.38 |
| | | |
| Court costs: | | |
| | | |
| Filing fee | | $95.50 |
| Service of Process | | $240.00 |
| | | |
| SUB-TOTAL | | $222,590.91 |
| | | |
| Additional costs | | |
| | | |
| Death Certificate | | $10.00 |
| Recording of Death Certificate | | $6.00 |
| Photocopy charges | | $154.00 |
| Deposition transcript of P. Campbell | | $336.00 |
| Federal Express | | $30.95 |
| Hearing transcripts (Esquire Reporting and Atlantic Reporting) | | $417.20 |
| CourtCall Telephonic Hearing Appearance | | $95.00 |
| Esquire Reporting attendance fees | | $175.00 |
| Clerk of Court Costs deposit into registry per Court Order | | $7,517.94 |
| Clerk of Court fee imposed by Court Registry | | $124.00 |
| Westlaw Research | | $196.06 |
| Filing fee (Appeal 1) | | $300.00 |
| Atlantic Reporting hearing transcript (Appeal 1) | | $99.60 |
| Clerk of Court certified copy of Order on appeal and copy of docket (Appeal 1) | | $41.00 |
| Federal Express (Appeal 1) | | $14.10 |
| Clerk of Court Record on Appeal (Appeal 1) | | $151.70 |
| Filing Fee (Appeal 2) | | $300.00 |
| Clerk of Court copy of Mandate (Appeal 2) | | $2.00 |
| | | |
| GRAND TOTAL | | $232,561.46 |

2

no. 2

4.     Plaintiff rebuts the Affirmative Defenses set forth in Defendants, DEBORAH K. PYPER and PATSY L. CAMPBELL's Answer and Affirmative Defenses to Complaint dated October 21, 2010, and states that Defendants have failed to raise any factual issues in their Affirmative Defenses.  Plaintiff complied with all of its obligations under the Mortgage and Note and prior to filing the Complaint.

5.     Defendants, DEBORAH K. PYPER and PATSY L. CAMPBELL are not "Consumers" with respect to the Mortgage and Note, are not obligated for payment of the debt, and are joined as parties because of their acquisition of title to the Property subject to the Mortgage.

6.     The only person entitled to pre-acceleration notice was the Borrower, PAUL V. CAMPBELL, who is deceased.  No notice to non-obligors is required as a matter of law.

7.     Since the loan matured on November 1, 2007 no notice is required as a matter of law.

8.     Plaintiff is the owner and holder of the original Note and Mortgage and is the assignee of record.  The instruments attached to Plaintiff's Complaint as Exhibits "C", "D", "E", "F", and "G" show that Plaintiff's ownership interest in the subject Note and Mortgage have been properly assigned and transferred to Plaintiff and Plaintiff is entitled to enforce the instruments.

9.     That in order to properly bring this suit it was necessary for the Plaintiff to obtain a title search to determine the parties who must be named as defendants, and the Plaintiff is obligated to pay therefore the sum set forth above.

10.    I have read the Complaint, and every allegation therein is true and correct.

11.    That on account of the failure of Paul V. Campbell, or those claiming through

3



him or having any interest in the Property, to make payment of the sums due under the Note and Mortgage, the Plaintiff placed the same in the hands of its attorney of record in this cause, and instructed the filing of this suit and agreed, bound and obligated itself to pay said attorney for his services in this behalf such sum as the Court shall adjudge to be reasonable.

COMMERCIAL SERVICE OF PERRY,
INC., an Iowa Corporation



CARL STUKENHOLTZ
Its President

STATE OF IOWA
COUNTY OF DALLAS

SWORN TO AND SUBSCRIBED BEFORE ME, this 2̲6̲ᵀᴴ day of May, 2010, by CARL STUKENHOLTZ, as President and on behalf of COMMERCIAL SERVICE OF PERRY, INC., an Iowa Corporation, who {XX} is personally known to me or { } who has produced _____ as identification.

DONALD M. WILSON
Commission Number 180851
My Commission Expires
8-28-10

Ðonald M. Wilson
Notary Public, State of Iowa
Commission No. 180851
My Commission Expires: 8-28-10

G:\Users\rps\266400\2000 case continuation\Summary Judgment\Affidavit of Proof.doc

4

no. 2

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR OKEECHOBEE COUNTY,
FLORIDA

CASE NO.: 2000-CA-207
JUDGE: LARRY SCHACK

COMMERCIAL SERVICE OF PERRY,
INC., an Iowa Corporation,

      Plaintiff,

vs.

DEBORAH K. PYPER, UNKNOWN
SPOUSE OF DEFENDANT, JOHN
DOE and/or JANE DOE and/or
any other persons, known or
unknown, as tenants in possession,

      Defendants.

_____/

## MOTION FOR SUMMARY FINAL JUDGMENT

Plaintiff, COMMERCIAL SERVICE OF PERRY, INC., an Iowa Corporation, by and through its undersigned attorney, moves this Court to enter (1) a Summary Final Judgment of Foreclosure and (2) a Final Judgment in favor of Plaintiff on the Counterclaims of Defendant, PATSY L. CAMPBELL, and as grounds states:

## STATEMENT OF THE CASE

1.    This long-pending matter involves a residential mortgage executed by Paul V. Campbell, the deceased husband of Defendant, PATSY L. CAMPBELL, in 1978 which is alleged to be in default for at least 22 years.

2.    The Lis Pendens in this case is based on a mortgage given by Paul V. Campbell, now deceased, who as of the date of the mortgage was a single person. The relief sought in the Complaint is in rem only, but the Defendants are parties because

*schedule F - Patsy L. Campbell*
*no. 2*

they took title and/or possession after a 1979 conveyance from the Mortgagor. That conveyance to Defendant, PATSY L. CAMPBELL, was specifically made SUBJECT TO the mortgage being foreclosed, which the Grantee, PATSY L. CAMPBELL, thereby assumed and agreed to pay.

## ARGUMENT

3.      Defendant, DEBORAH K. PYPER, was served with a copy of the Complaint, Summons and Notice of Lis Pendens on September 1, 2000, and Defendant answered said Complaint on October 21, 2009.

4.      Defendant, PATSY L. CAMPBELL, was served with a copy of the Complaint, Summons and Notice of Lis Pendens on September 26, 2000, and Defendant answered said Complaint and filed Counterclaims on October 21, 2009.

5.      The pleadings filed, together with the Affidavits filed herein, show that there is no genuine issue as to any material fact, and that the Plaintiff is entitled to a Judgment as a matter of law.

6.      Plaintiff is the owner and holder of the Mortgage and Mortgage Note, the originals of which have been filed in the Court file under certificate of service of even date herewith.

7.      The original Mortgagor, Paul V. Campbell, is now deceased but prior to his death, he conveyed the Property, subject to the Mortgage, to PATSY L. CAMPBELL, who thereafter conveyed it to DEBORAH K. PYPER. DEBORAH K. PYPER then conveyed the Property to Erik T. Clay, who subsequently conveyed it back to DEBORAH K. PYPER. Subsequent to the filing of the Lis Pendens herein, the Property was conveyed back to PATSY L. CAMPBELL, who holds title and possession.

no. 2

8.     Paul V. Campbell, or those claiming through him or having any interest in the Property, defaulted under the terms of the Mortgage and Mortgage Note. The Note is now matured and the entire debt is now due and payable.

9.     The priority of the Plaintiff's Mortgage over any and all interests of the Defendants is established by the respective recording dates of the documents involved.

10.    As to the Counterclaims of Defendant, PATSY L. CAMPBELL (numbers two and four, the others having been stricken), her claim of a violation of the Federal Fair Debt Collection Practices Act and the Florida Debt Collection Practices Act both fail each fail as said Counterclaimant is not a "consumer" and is not obligated to pay any debt. The referenced acts apply only to debts of consumers, defined as a "natural person obligated or allegedly obligated to pay any debt". Her claim for rescission of the mortgage also fails as she is not a party to the Mortgage and has failed to offer to restore the status quo by payment of the mortgage debt.

WHEREFORE, Plaintiff moves the Court for the entry of a Summary Final Judgment of Foreclosure and adjudicating the amount due Plaintiff on account of said Note and Mortgage, together with costs and attorney's fees, and directing that the mortgaged premises be sold to satisfy said Judgment of Foreclosure and further dismissing the Counterclaims of Defendant, PATSY L. CAMPBELL, with prejudice.

I HEREBY CERTIFY that a true copy of the foregoing has been sent, by U.S. Mail, to **Patsy L. Campbell**, Pro Se, Post Office Box 624, Okeechobee, FL 34973 and **Patsy L. Campbell**, Pro Se, 2224 SW 19th Lane, Okeechobee, FL 34974; and **Deborah K. Pyper**, Pro Se, 3031 SE 28th Street, Okeechobee, FL 34974, this _11_ day of June, 2010.

no. 2

By: _____
ROBERT P. SUMMERS
Florida Bar No. 202800
E-Mail: rps@mcsumm.com
OWEN SCHULTZ
Florida Bar No. 0066257
E-Mail: oss@mcsumm.com
RENE S. IOSCO
Florida Bar No. 0041208
E-Mail: rsi@mcsumm.com
Attorney for Plaintiff
MCCARTHY, SUMMERS, BOBKO,
WOOD & SAWYER, P.A
2400 SE Federal Highway, 4th Floor
Stuart, Florida 34994
Telephone: (772) 286-1700
Facsimile: (772) 283-1803

G:\Users\rps\266400\2000 case continuation\Summary Judgment\Summary Final Jdgmt.Mot.docx

no. 2

# PIN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR OKEECHOBEE COUNTY, FLORIDA

COMMERCIAL SERVICE OF
PERRY, INC., An Iowa Corporation,
    Plaintiff,

CASE NO.: 2000-CA-207
JUDGE: THE HONORABLE
LARRY SCHACK

-vs.-

DEBORAH K. PYPER, ET AL.,
    Defendant(s).

_____/

## PROFFERED/ARGUMENT TO "EMERGENCY MOTION, ETC.",
## AND TO PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT

The Defendant's main objection to having this hearing is based on the

contention that the Plaintiff has not paid all of the exact amount of costs,

prejudgment and post judgment interest liquidated by entry of a final cost

judgment in Case No. 87-298-CA, owed to Defendant Campbell, *contrary* to what

Plaintiff has led the court to believe that because the represented partial amount of

cost and interest was ordered to be deposited into the court registry entitles

Plaintiff to proceed in this case, because under Fla. R. Civ. P. 1.420(d) and

**McGrail v. Rosas**, 691 So.2d 50 (Fla. 4th DCA 1997) citing **Bubani v. Rogers**,

363 So.2d 181 (Fla. 4th DCA 1978) holding that payment is not satisfied by

ordering funds paid into a court registry which is consistent and in accord with

Supreme Court Case of **Wilson v. Rose Printing Co. Inc.**, 624 So.2d 257 (Fla.

1993) and in **Field v. Nelson**, 380 So.2d 547 (Fla. 2d DCA 1980)).

*schedule F- Patsey L. Campbell*
*No. 2*

With all due respect to the Court, it is contended based on this theory, that the Court does not have authority and jurisdiction to proceed in this case, and abatement is *mandatory* until all of the cost, prejudgment and post judgment interest is paid and satisfied to Defendant Campbell in Case No. 87-298-CA of which the trial court has no authority or discretion to defer such assessment pending disposition of this case, and the Plaintiff cannot proceed until such costs are finally determined and actually paid by entry of a final cost judgment in the "reopened" Case No. 87-298-CA under the authority of **Albertson's Inc. v. Neil**, 784 So.2d 584 (Fla. 4th DCA 2001) citing **Coastal Petroleum Co. v. Mobile Oil Corporation**, 583 So.2d 1022, 1025, and, as here, made clear that the "discretion" referred to in **Coastal** was solely to the amount of costs to be assessed in the dismissed suit, and here, the question of the Court's personal and subject matter jurisdiction has been properly raised and questioned, therefore, it is contended that the trial court has a duty to make a determination of whether or not there exists such jurisdiction, necessary to invest the Court's authority to determine the rights of the parties in this case, before proceeding in this case under the authority of **Bill Holt Sales & Leasing, Inc. v. Cousins**, 904 so.2d 502 (Fla. 1st DCA 2005); **Tucker v. Ohren**, 739 So.2d 684 [3](Fla. 4th DCA 1999); **Gilliam v. Smart**, 809 So.2d 905 (Fla. 1st DCA 2002); **Miller v. Fortune Ins. Co.**, 484 So.2d 1221

2

No. 2

[2](Fla. 1986) clarifying the discretion referred to in **Randall -Eastern Ambulance Service, Inc. v. Vasta,** 360 So.2d 68 (Fla. 1978)), and providing that court should have jurisdiction in very limited circumstances to relieve party from act of finality of judgment, quashing **Miller,** approving the decision in **Shampaine Industries, Inc. v. South Broward Hospital District,** 411 So.2d 364 (Fla. 4th DCA 1982)), and as applicable here, Rule 1.540 (b) may be used to afford relief to the Defendants who has sufficiently demonstrated the existence of the grounds required under (3) and (4) of Rule 1.540.

Plaintiff's Counsel failed to comply with Fla. R. Civ. P. 1.600 concerning the deposit of costs into the Court Registry that requires a motion for leave of Court to obtain an Order in the correct Case No. 87-298-CA providing authority for such deposit, to provide authority for the Clerk's receiving and disbursement of the fund, to invoke the Court's authority, subject matter jurisdiction and control over the fund, and to provide proper notice to Defendants of such deposit under the authority of **Vance Realty Group, Inc. v. Park Place At Meadowwest, Phases Six And Seven LTD,** 909 So.2d 516 (Fla. 5th DCA 2005); **Phipps v. Watson,** 147 So. 234 (Fla. 1933)), accordingly, the trial Court's Order of December 11, 2009 disbursing the fund did so without proper authority, subject matter jurisdiction and control over the fund, without invoked power to act by lack

3

no. 2

of a motion before it by any party for such disbursement under the authority of

**Kerrigan, Estees, Rankin & McLeod v. State**, 711 So.2d 1246 (Fla. 4th DCA

1998)) that denied Campbell fundamental due process rights for lack of notice and

right to be heard of a constitutionally protected property right or to participate in

the judicial proceedings of disbursement without first holding an evidentiary

hearing under the authority of **National Equity Recovery Services, Inc. v.**

**Williams,** 962 So.2d 977 (Fla. 3d DCA 2007); **Skull v. State**, 569 So.2d 1251

(Fla. 1990); **Vollmer v. Key Development Properties, Inc.**, 966 So.2d 1022 (Fla.

2d DCA 2007).

Defendant Campbell is entitled to and was denied her right to an evidentiary

hearing of her claim for homestead exemption protection rights on the marital real

property under the Florida Constitution, Article 10, Section 4(a)(1)(b)(as

amended), as held in **Haughey v. Heaney**, 89 So. 400 (Fla. 1925)), which right of

claim arose *before* any lawsuit was filed, (**Intermediary Finance Corp. v.**

**McKay,** 111 So.53 (Fla. 1927)) of which she has had continuing possession of the

real property from 1979 until the present that she inherited from Paul v. Campbell

the moment of his death on December 18, 1980 as held in **In re Estate of Hamel**,

821 So.2d 1276 (Fla. 2d DCA 2002)(the homestead protections against forced sale

attach upon the moment of the owner's death… if the property is homestead on the

4

no. 2

date of death... protection is impressed upon the land and the protection from

creditors calims inures to the benefit of the heirs... which are the rights of the

heirs as much as the decedent), as his wife and heir as defined in **Fla. Stat.**

**731.201(18)** as held in **Raulerson v. Peeples**, 81 So. 271 (Fla. 1919), and **Hubert**

**v. Hubert**, 622 So.2d 1049 (Fla. 4th DCA 1993)), that it is not necessary to hold

title for entitlement to such claim (**Callava Feinberg**, 864 So.2d 429, 431 (Fla. 3d

DCA 2003); **Southern Walls, Inc. v. Stillwell Corporation**, 810 So.2d 566 (Fla.

5th DCA 2002)), and an evidentiary hearing must be held  before Plaintiff can

proceed in the foreclosure action as held  in **Coy v. Mango Bay Property And**

**Investment, Inc.**, 963 So.2d 873[4] (Fla. 4th DCA 2007)). Plaintiff was charged

with knowing at the time of the alleged assignment that Campbell was in

possession of the real property and that the homestead was legally protected from

creditors and exempt from a forced sale as held in **Snyder v. Davis**, 699 So.2d 999

(Fla. 1997); **Bakst, Cloyd, & Bakst, P.A. v. Cole**, 750 So. 2d 676 (Fla. 1999);

**Albritton v. Scott**, 74 So. 975 (Fla. 1917); **Partridge v. Partridge**, 790 So.2d

1280 (Fla. 4th DCA 2001)). Further, the homestead has never been alienated or

abandoned as held in Florida Supreme Court Case **Chames v. DeMayo**, 972 So.2d

850 (Fla. 2007)), and contrary to the allegation in the Complaint, she has paid all

5

no. 2

of the taxes on the real property from 1980 through 2009 and none are delinquent.

Plaintiff has never disputed Campbell's right to claim homestead exemption, the

record shows the claim was denied by the trial Judge, *sua sponte*, without an

evidentiary hearing even though such relief was never requested by Plaintiff.

## ARGUMENT AGAINST MOTION FOR SUMMARY FINAL JUDGMENT:

Plaintiff's motion is defective on its face for failure to state any Procedural

Rule, Fla. Statute, or controlling Florida law whatsoever in support of its generally

stated grounds and argument, and failed to rebut the Defendant's asserted legally

sufficient affirmative defenses as held in Florida Supreme Court Case in **Haven**

**Federal Savings & Loan Association v. Kirian**, 579 So.2d 730 at [5][6](Fla.

1991)), which fails to provide Defendants with a full and fair opportunity to argue

the  raised grounds and its argument that defeats entitlement to the relief requested

under authority of **State Farm Mutual Automobile Ins. Co. v. Mashburn**, 15 So.

3d 701 (Fla. 1st DCA 2009) citing **Williams v. Bank of America Corporation**,

927 So.2d 1091, 1093 (Fla. 4th DCA 2006)).

The motion's "Statement of the Case", at 1., misrepresents and misleads the

Court that *this* Case has been on-going for 22 years when in fact *this* Case has

been on-going for *only* ten years, and Plaintiff's omitted existence of a material

facts that Case No. 87-298-CA was dismissed for failure to prosecute in its entirety

6

no.2

on June 5, 1998, that the 4th DCA issued its PCA and Mandate in August, 1999,

after the parties oral arguments, it implies and misleads the Court to believe that

Plaintiff has paid the exact and full amount of all court cost, prejudgment and post

judgment interest to Defendant Campbell in that Case, and that the Court has the

legal authority to proceed in this Case, contrary to Fla. R. Civ. P. 1.420(d) and as

held in **Hinton v. Gold**, 813 So.2d 1057 (Fla. 4th DCA 2002) citing **T.J.K v. N.B.**,

237 So.2d 592, 594 (Fla. 4th DCA 1970)) that the Court does not obtain

jurisdiction until Plaintiff complies with the requirements of due process, which

raises genuine issues of material fact that precludes entitlement to summary

judgment under authority of **City of Cooper City v. Sunshine Wireless Co. Inc.**,

654 So.2d 283 (Fla. 4th DCA 1995) regardless of whether or not Defendants come

forward with any response, evidentiary materials or proof because the motion for

summary judgment does not create an "I move-now", "you prove" situation

because the Court can only determine if there exists in the record any genuine

issues of material fact(s) and not on the merits as held in **Quinn v. I.C. Helmly**

**Furniture Co.**, 141 So.2d 302 (Fla. 3d DCA 1962); **Matarese v. Leesburg Elks**

**Club**, 171 So.2d 606 (Fla. 1965) and **Nard, Inc v. DeVito Contracting & Supply,**

**Inc.**, 769 So.2d 1138 (Fla. 2d DCA 2000) holds that any deviation from the

fundamental tenet of jurisprudence can only result in an erosion of the rule causing

7

no. 2

uncertainty and unpredictability in correct resolutions of disputes as well as a

needless expenditure of litigant and judicial resources, citing **Hernandez v.**

**Garwood**, 390 So.2d 357 (Fla. 1980)).

Plaintiff's motion under Number 4. of its argument, omitted the issue of

existence of a material fact that Defendant Campbell was served with summons

and copy of the Complaint only as "Jane Doe", without any specific identification

of her at all, which is tantamount to "a substantially incorrect identification of her

as a defendant" that did not sufficiently commence an action against her which

such omission was complete and "substantial" and did not toll the running of the

statute of limitations under Fla. Stat. 95.11(2) (c) (**Click v. Pardoll**, 359 So.2d 537

(Fla. 3d DCA 1978)), and since the Amended Complaint did not relate back to the

date the original Complaint was filed constituted a **new** action, therefore, dismissal

of Plaintiff's Complaint is proper for failure to properly undertake sufficient

measures under Florida law to legally commence an action against Defendant

Campbell that constituted insufficient serve of process to confer the Court's

personal jurisdiction over her, that has resulted in Plaintiff's filing of the Amended

Complaint beyond the statute of limitations (**Gilliam, supra)).** This allegation

raises a genuine issue of material fact that precludes summary judgment.

The Defendants have raised the issue of material fact that Plaintiff does not

8

no. 2